UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                    Case No. 3:19-cr-210

        Plaintiff

    v.                                                    MEMORANDUM OPINION
                                  AND ORDER

Robert Boxx,

        Defendant


        In light of the COVID-19 pandemic, Defendant Robert Boxx moves for reconsideration of my previous detention order.  (Doc. No. 37).  Boxx is currently being detained at CCNO and claims that, due to his asthma, contracting the disease would result in severe health problems or death.  As such, he is seeking to be released on bond, subject to any conditions deemed appropriate, until this case is resolved.  The government opposes reconsideration of bond.  (Doc. No. 39).

        On April 30, 2019, Magistrate Judge James R. Knepp, II conducted a detention hearing. During the hearing, Judge Knepp heard argument by counsel and testimony from the proposed custodians: Boxx's cousin, Katrina Hardaway, and his aunt, Trina Sparks.  Following the hearing, Judge Knepp ordered Boxx be detained pending trial.  In reasoning, Judge Knepp cited the following reasons for detention:

      (a)  Weight of evidence against the defendant is strong;
      (b)  Subject to lengthy period of incarceration if convicted;
      (c)  Prior criminal history;
      (d)  Participation in criminal activity while on probation, parole, or supervision;
      (e)  History of violence or use of weapons;
      (f)  History of alcohol or substance abuse;
      (g)  Lack of stable employment;

(h)  Prior failure to appear in court as ordered;
(i)  Prior attempt(s) to evade law enforcement; and
(j)  Prior violations of probation, parole, or supervised release.

(Doc. No. 14 at 2-3).  Judge Knepp also explained that, "Although both proposed custodians testified as to their understanding of the role of custodian, the Court has profound concerns about the placement of Defendant into Ms. Hardaway's home, which she shares with her ten year old daughter, given Defendant's criminal history, which includes multiple instances of criminal sexual conduct, domestic violence, drug crimes and violence."  (*Id.* at 3).

Boxx objected to Judge Knepp's unfavorable ruling, bringing the matter before me on *de novo* review.  I conducted a hearing on the matter during which I heard arguments of counsel.  Because I found the testimony of the custodians before Judge Knepp to be thorough and satisfactory, I did not find it necessary to call either as a witness during this hearing.

During the hearing, I explained that the two things I must consider when determining the appropriateness of detention are safety of the community and flight risk.  I explained that I was concerned about Boxx's flight risk due to the seriousness of the charge and the enhanced ACCA penalty Boxx is facing if convicted.  With respect to the safety of the community, I expressed my concern that Boxx's criminal history evidenced both violent conduct and an apparent affinity for firearms, which he may not legally possess due to his criminal history.  Ultimately, I found Boxx's risk of flight and danger to the safety of the community to be too great, despite the proposed conditions and custodians.  As such, I denied Boxx's request for release.

Boxx now seeks release once again.  A request of this nature is treated as a motion to reopen the detention hearing.  *See, e.g., United States v. Crumpler*, No. 1:19-cr-755, 2020 WL 1820580, at *3 (N.D. Ohio Apr. 10, 2020); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482, at *2 (Mar. 30, 2020).  A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not

2

known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

In support of his motion to reopen, Boxx cites the COVID-19 pandemic as a changed circumstance.  Because this is new information that was not available at the time of the previous detention hearing, I may reopen detention for the limited purpose of determining whether COVID-19 has a material bearing on Boxx's continued detention.  In doing so, I must determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" by considering the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g); *see, e.g. Aiad-Toss*, 2020 WL 1514482, at *2; *United States v. Woods*, No. 19-cr-20112-02, at *3-*4 (E.D. Mich. Mar. 28, 2020).

There is no dispute that Boxx is charged with a firearm-related offense and, if convicted, faces an enhanced ACCA penalty of 15 years to life in prison.  Further, because the motion to

suppress was denied, the weight of evidence against Boxx is strong.  Finally, as I discussed during the detention hearing, Boxx has a history of violent conduct and an affinity for firearms, which he has possessed despite the fact that he does not have the right to do so due to his criminal history.

Boxx does not dispute these facts in his motion.  Rather, he argues he should be released due to his "physical condition" under § 3142(g)((3)(A).  (Doc. No. 37 at 2).  He asserts his asthma makes him "uniquely susceptible to the coronavirus," but admits that his condition does not make it more likely that he would contract the virus.  (*Id.* at 4).  Instead, he argues that, if he gets the disease, he may be higher risk of severe symptoms and death.[1]  While I am sensitive to Boxx's condition, "[t]he possibility of a future illness is not a valid basis for release."  *Crumpler*, 2020 WL 1820580, at *3 n.3.  In those cases he cites in support of his position, the prisoner was released because of an existing condition whether illness or injury.  (Doc. No. 37 at 4).  In this case, Boxx contends he should be released because of the possibility that he contracts COVID-19 and, in turn, the possibility that his symptoms are worse because of his asthma.

Ultimately, I find that the speculative consequences of COVID-19 do not outweigh Boxx's risk of flight and the risk of danger to the safety of the community.  While I am mindful that Boxx now proposes a new custodian, (Doc. No. 42), the substitution of the new custodian does nothing to allay the court's concerns regarding the unsuitability of release.  Therefore, Boxx's motion for reconsideration of bond is denied.  (Doc. No. 37).


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] The Center for Disease Control instructs that "[p]eople with moderate to severe asthma may be at higher risk of getting very sick from COVID-19."  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (lasted visited April 29, 2020)