UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　Case No. 3:19-cr-210

　　　　　Plaintiff

v.　　　　　　　　　　　　　　　　　　　　　　　ORDER

Robert Boxx,

　　　　　Defendant


On July 13, 2020, I denied Defendant Robert Boxx's motion to suppress. (Doc. No. 43). In the opinion, I stated,

> Regarding the policy concerns raised by Boxx, (Doc. No. 32 at 4-7), I agree there is some doubt as to whether the policy mandating tow of a vehicle regardless of whether another person is immediately available to care for the vehicle serves the caretaking purpose of towing. But, because another person was not immediately available in this case, the question of reasonableness of the policy itself is not properly before me now. Therefore, the government's motion for a further hearing or leave to file a sur-reply on this issue is denied as moot. (Doc. No. 33).

(*Id.* at 4). I then concluded the officers impounded the vehicle pursuant to the Toledo Police Department policy in effect and that the impound was reasonable under the circumstances.

Since that time, Boxx filed a motion for reconsideration respectfully asserting I made a mistake of fact in finding there was not another person immediately available to care for the vehicle. (Doc. No. 45). The government agrees that an individual off screen identified themselves as the owner of the vehicle prior to the time the vehicle was searched but after officers discovered Boxx's license was suspended. (Doc. No. 46 at 2). But the government contends the motion for consideration should be denied because the denial was not a manifest injustice. (*Id.* at 3-5).

As noted by the government, I previously stated,

> The Federal Rules of Criminal Procedure make no provision for a motion to reconsider, *United States v. Hopewell*, No. 08-cr-065, 2009 WL 1026452, at *1, at 2 (S.D. Ohio April 15, 2009), so "courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 5248172, at *1 (E.D. Tenn. Dec. 17, 2008). The standard to amend or alter such an order is relatively high, and a court may do so only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Fed. R. Civ. P. 59(e); *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2009) (internal quotations omitted).

*United States of America v. Rodriguez*, No. 3:12 CR 445 (N.D. Ohio July 1, 2015) (Doc. No. 709). In this case, I agree this is not "newly discovered evidence." Even so, because I made a mistake in reviewing the evidence, I consider the existence of another person immediately available to care for the vehicle newly discovered evidence to me. Therefore, I find there is sufficient grounds for reconsideration of my previous judgment.

But without further briefing, I cannot yet determine whether suppression is warranted. (Doc. No. 47). This is so because the government's motion to file a sur-reply on the legal issues that may prove dispositive was denied as moot due to my erroneous finding.

Reviewing the matter *de novo*, I agree the government did not have an adequate opportunity to address whether the policy was reasonable and whether enforcement of the allegedly unreasonable policy is grounds for suppression. Although Boxx alluded to the reasonableness of the policy during the suppression hearing, he did not seek to supplement his motion to suppress following the hearing to include these additional arguments that were not included in the original motion. (*See* Doc. No. 22). Instead, Boxx briefed these issues for the first time in his reply. (Doc. No. 32). Therefore, I grant the government's motion to file a sur-reply on these issues. The government shall file any sur-reply by September 4, 2020. Should Boxx wish to reply to this filing, he should do so by September 18, 2020.

So Ordered.

                                               s/ Jeffrey J. Helmick
                                               United States District Judge