UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

     v.

Robert Boxx,

        Defendant.

Case No. 3:19-cr-210

MEMORANDUM OPINION
AND ORDER

## I.    INTRODUCTION AND BACKGROUND

Defendant Robert Boxx was charged by indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1).  (Doc. No. 81).  He now moves to dismiss the superseding indictment on speedy trial grounds.  (Doc. No. 93).  The government filed a brief in response to the motion, conceding that more than 70 nonexcludable days have passed since Boxx's arrest and requesting that the indictment be dismissed without prejudice.  (Doc. No. 94).  For the reasons stated below, I grant Boxx's motion and dismiss the superseding indictment without prejudice.

## II.    ANALYSIS

The Speedy Trial Act requires that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last

occurs." 18 U.S.C. § 3161(c)(1). Section 3161 excludes certain days from the 70-day total, including those periods of delay set forth in § 3161(h).

During the pendency of this case, Boxx has filed numerous motions, including two motions to suppress and at least three motions for reconsideration. Generally speaking, the first 30 days after the completion of briefing on a pretrial motion and a court's decision on that motion are excludable under § 3161(h)(1)(D) and (H). As the parties note, more than 30 days passed between the completion of briefing and the date of my ruling on many of these motions. Further, as the parties agree, this additional time was not automatically or otherwise excluded. (Doc. No. 93 at 4-6; Doc. No. 94 at 1-3). Boxx contends at least 262 days, and perhaps as many as 306 days, have passed since his arrest for which no exclusion applies. (Doc. No. 93 at 7). The government's calculations are slightly different, but it concedes at least 257 non-excludable days have accrued. (Doc. No. 94 at 3). In either event, I agree that more than 70 non-excludable days have passed since Boxx's indictment and the indictment against him must be dismissed pursuant to § 3162(a)(2).

Boxx further argues the delay in bringing his case to trial also violates his Sixth Amendment right to a speedy trial. (Doc. No. 93 at 1). But Boxx has not offered any separate or additional argument in support of a Sixth Amendment speedy trial claim, though that right and the Speedy Trial Act are not "'coextensive.'" *United States v. Howard*, 218 F.3d 556, 563 (6th Cir. 2000) (quoting *United States v. Gonzalez*, 671 F.2d 441, 443 (11th Cir. 1982)). Moreover, none of the four factors identified by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), support a finding that Boxx's Sixth Amendment speedy trial right has been violated. *See id.* at 530 (instructing courts to balance "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant").

Even if I assume, for the sake of argument, that the delay in this case was "uncommonly long," *Doggett v. United States*, 505 U.S. 647, 651 (1992), the other factors do not weigh in Boxx's

2

favor. There has been no showing that any of the delays in this case were the result of the government's attempt to "secure a tactical advantage." *United States v. White*, 985 F.2d 271, 275 (1993) (citation omitted). Nor does the third factor favor Boxx, as he did not assert his speedy trial right until January 19, 2023, when he requested leave to file his present motion to dismiss.

Lastly, Boxx also has not shown that his ability to present a defense has been impaired and, thus, he has not shown he has been prejudiced by the delay. *See Barker*, 407 U.S. at 532. I conclude Boxx fails to show his Sixth Amendment right to a speedy trial has been violated.

Section 3162 assigns to a district judge the discretion to determine whether a defendant's charges should be dismissed with or without prejudice. 18 U.S.C. § 3162(a)(2) ("In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.").

Boxx does not request a dismissal with prejudice, and the circumstances do not indicate such a dismissal is appropriate. (*See* Doc. No. 93). The charged offense is a serious one, the passage of the non-excludable days is not chargeable to the government, and Boxx does not assert he has suffered actual prejudice as a result of the delay. Therefore, I conclude dismissal without prejudice is appropriate in this case.

### III. CONCLUSION

For the reasons set forth above, I grant Boxx's motion and dismiss the superseding indictment without prejudice. (Doc. No. 93).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3